

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JULIA JONES, individually and on behalf of her minor children, JOSHUA JONES, ALICIA JONES, TY'DARIUS JONES and DEMARIOL GASTON | CIVIL ACTION NO.06-2166 |
| -vs- | JUDGE DRELL |
| CANAL INSURANCE COMPANY, et al. | MAGISTRATE JUDGE KIRK |

## RULING and ORDER

Before the Court is a motion for summary judgment (Doc. 56) filed by defendants Avis Rent-A-Car Systems, Inc. ("Avis"), PV Holding Corporation ("PV Holding"), and Continental Casualty Company ("Continental") (collectively, "the Avis Defendants"). For the reasons set forth below, the motion is denied.

### I. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence

tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to defeat a motion for summary judgment." Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

## II. BACKGROUND

This suit arises out of an automobile accident occurring on November 28, 2005, in Alexandria, Louisiana. The plaintiff, Julia Jones ("Jones"), was a passenger in a 2006 Ford Taurus driven by defendant Gregory Taylor ("Taylor"), which collided with a 1998 IHC 15000 tractor-trailer rig that was driven by defendant Mason Ezell; owned by Ezell's employer, defendant Mallard Transport, Inc.; and insured by defendant Canal Insurance Company. Taylor himself was insured by defendant Mid-Century Insurance Company of Texas ("Mid-Century"), which does not contest coverage and is currently defending Taylor in the suit.

The Taurus had been rented by Taylor's wife in Oklahoma from PV Holding and/or Avis, who had insured it through Continental.  Paragraph 18 ("Liability Insurance") of the rental contract includes the following provision:

> Anyone driving the car as permitted by this agreement will be protected against liability for causing bodily injury or death to others or damaging the property of someone other than the driver and/or the renter up to the minimum financial responsibility limits required by applicable law. . . . **The coverage provided by you shall be secondary over any applicable insurance available to me or any other driver, from any other source, whether primary, excess, secondary or contingent in any way.** Otherwise, it is provided according to the terms, and subject to all of the conditions, of a standard automobile liability insurance policy, including all requirements as to notice and cooperation on my part, which are hereby made a part of this agreement. . . .

(Doc. 56-4) (emphasis in original).

Jones brought suit in the Ninth Judicial District Court for the Parish of Rapides, Louisiana, on October 4, 2006.  The defendant removed to this Court on November 13, 2006, pursuant to 28 U.S.C. § 1441 et seq., properly urging diversity jurisdiction under 28 U.S.C. § 1332.  On March 10, 2008, the Avis Defendants filed the instant motion for summary judgment (Doc. 56), seeking dismissal of all claims against them. In particular, they argue that Taylor's own insurance coverage through Mid-Century precludes any recovery against the Avis Defendants under Paragraph 18 of the rental contract and/or under La. R.S. § 22:681 ("Coverage of temporary, substitute, and rental vehicles"). In opposition, Jones argues, inter alia, that Taylor's Mid-Century policy does not necessarily provide coverage for this accident and, even if it does, the rental agreement is ambiguous and should be construed in favor of coverage.  Jones does not address the applicability of La. R.S. § 22:681.  We address both sides' arguments below.

3

### III. LAW AND ANALYSIS

First, we note that Mid-Century has never contested coverage of Taylor and is currently defending Taylor in the suit. Jones's argument that Taylor's Mid-Century policy is somehow inapplicable has no basis in the facts before us. At this point, the facts show that Taylor is covered by the Mid-Century policy. If the Avis Defendants are to be liable, that liability must be in spite of the Mid-Century coverage, not in its absence.

We first address the Avis Defendants' argument that La. R.S. § 22:681 precludes coverage under the rental agreement. Section 681 provides, in relevant part:

> A. Every approved insurance company, reciprocal or exchange, writing automobile liability, physical damage, or collision insurance, shall extend to temporary substitute motor vehicles as defined in the applicable insurance policy and rental motor vehicles any and all such insurance coverage in effect in the original policy or policies. Where an insured has coverage on a single or multiple vehicles, at least one of which has comprehensive and collision or liability insurance coverage, those coverages shall apply to the temporary substitute motor vehicle, as defined in the applicable insurance policy, or rental motor vehicle. Such insurance shall be primary. However, if other automobile insurance coverage or financial responsibility protection is purchased by the insured for the temporary substitute or rental motor vehicle, that coverage shall become primary. The coverage purchased by the insured shall not be considered a collateral source.
>
> B. A rental company, as defined in R.S. 22:2102(5), shall maintain security on all rental vehicles meeting the requirements of the Motor Vehicle Safety Responsibility Law, R.S. 32:851 et seq., as follows:
>
>> (1) Such security maintained by the rental company shall apply only when there is no other valid or collectible insurance or other form of security meeting the minimum financial responsibility requirements under the Motor Vehicle Safety Responsibility Law.

> (2) Notwithstanding a rental company's obligation to provide minimum financial responsibility pursuant to the Motor Vehicle Safety Responsibility Law as the owner of the vehicle for the privilege of registering and titling such vehicle, a rental company shall be relieved of any security obligation under the Motor Vehicle Safety Responsibility Law when the renter or driver has valid and collectible insurance, self-insurance, bond, deposit, or other form of security in an amount sufficient to satisfy the minimum financial responsibility requirements of the Motor Vehicle Safety Responsibility Law, when the claimant maintains uninsured or underinsured motorist coverage for bodily injury or property damage claims, or when the renter violates the terms or conditions of the rental agreement. . . .

Id.

If Section 681 applies to this rental agreement, then the fact that Taylor has coverage under the Mid-Century policy might relieve the Avis Defendants of any liability under the minimum liability insurance provided by the rental agreement. However, the Avis Defendants (and Jones) overlook the fact that the rental agreement at issue was confected in Oklahoma, not Louisiana, apparently to an Oklahoma resident.[1] If the Louisiana statute is to apply at all, it must do so under Louisiana's choice-of-law rules, which we apply under Erie principles.[2]

La. Civ. Code art. 14 provides: "<u>Unless otherwise expressly provided by the law of this state</u>, cases having contacts with other states are governed by the law selected in accordance with the provisions of Book IV of this Code." Id. (emphasis added). Book

---

[1] The record is silent on the residence of Taylor's wife, but Taylor himself is an Oklahoma resident, and his wife rented him the car in Oklahoma, so it is reasonable to assume that she is an Oklahoma resident.

[2] See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). "Erie principles require federal diversity courts to apply the conflict of laws provisions of the forum state." Johansen v. E.I. Du Pont De Nemours & Co., 810 F.2d 1377, 1380 (5th Cir. 1987) (citing Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487 (1941)).

IV of the Louisiana Civil Code begins with La. Civ. Code art. 3515 ("Determination of the applicable law; general and residual rule"), which provides:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Id. For conventional obligations like the rental agreement at issue in this case, we also look to rules provided in La. Civ. Code art. 3537 et seq.:

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

La. Civ. Code art. 3537 ("General rule").

The Avis Defendants have not pointed to a specific choice-of-law rule that would require the application of La. R.S. § 22:681, so, under La. Civ. Code art. 14, we look instead to the general choice-of-law rules quoted above. Here, Taylor's wife, apparently

a resident of Oklahoma, rented the Ford Taurus in Oklahoma, pursuant to a contract confected in Oklahoma and subject to the laws of that state. Taylor then drove the car to Louisiana, where it was involved in an accident affecting one Louisiana resident, Jones, and several residents of other states. Under La. Civ. Code art. 3537, we find that Oklahoma has the stronger ties to the rental contract and its insurance provision. Louisiana's only relationship to the contract is the fact that the vehicle subject to it was in an accident in Louisiana affecting one Louisiana citizen. See Palm v. Stewart, 858 So. 2d 790 (La. App. 3 Cir. 2003) (applying Texas law to an insurance contract on a rental car rented in Texas and subject to an insurance policy issued and delivered in Texas, where the accident occurred in Louisiana).

We can find no Oklahoma equivalent to the special Louisiana statute at issue here, La. R.S. § 22:681, automatically excluding rental vehicle insurance coverage where the renter or driver has other insurance coverage. Parties contracting in Oklahoma would presumably believe that Oklahoma law would apply. In light of Oklahoma's greater relationship to the rental agreement and the dispute over that agreement, and in light of the justified expectations of the parties to the rental agreement, we find that Oklahoma's policies would be more seriously impaired if its law were not applied to the rental agreement. Accordingly, we find that Louisiana law, including La. R.S. § 22:681, does not apply to the rental agreement's liability insurance coverage.

Because we can find no specific statute affecting the liability insurance provision in Paragraph 18 of the rental agreement, we rely on Oklahoma's default rules of interpretation for insurance policies, as summarized by the Oklahoma Supreme Court:

> If it is not ambiguous, we accept the contract language in its plain, ordinary, and popular sense. When an insurance contract provision is ambiguous, words of inclusion will be liberally construed in favor [of] the insured, and words of exclusion will be strictly construed against the insurer. In construing an ambiguity or uncertainty against the insurer and in favor of the insured, Oklahoma looks to the objectively reasonable expectations of the insured to fashion a remedy. When an insurer desires to limit its liability under a policy, it must employ language that clearly and distinctively reveals its stated purpose.

Haworth v. Jantzen, 172 P.3d 193, 197 (Okla. 2006) (footnotes omitted).

Here, Paragraph 18 provides liability coverage "up to the minimum financial responsibility limits required by applicable law." (Doc. 56-4). Although the paragraph clearly aims to preclude that coverage from being the primary coverage in the presence of other coverage, the language used does not unambiguously exclude all coverage: "The coverage provided by you shall be secondary over any applicable insurance available to me or any other driver, from any other source, whether primary, excess, secondary or contingent in any way." (Doc. 56-4) (emphasis added). This statement implies that the coverage provided under Paragraph 18 only applies if any other insurance coverage is exceeded, not that the coverage disappears if the renter or driver has any other coverage.

At this point there is no evidence presented on this motion and no stipulation as to coverage by Mid-Century (although so far it is not contested) or as to the amount of damages. Moreover, although likely, the continued viability of the other insurance coverage in this case is not certain. Thus, we cannot say on this record that there is no set of circumstances under which the Avis Defendants could be held liable under the Oklahoma liability insurance issued with the rental agreement. Consequently, the Avis

8

Defendants are not entitled to judgment as a matter of law, and their motion for summary judgment is denied.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion for summary judgment (Doc. 56) filed by defendants Avis Rent-A-Car Systems, Inc., PV Holding Corporation, and Continental Casualty Company is DENIED.

SIGNED on this 17 day of June, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE